UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PAUL HESLA,

           Plaintiff,

v.

CEDARS 94/THE GOODMAN GROUP,
THE PRE-PETITION SCREENING
PROGRAM, and ROSEMARY A. MUNNS,

           Defendants.

Civil No. 13-0285 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I.  BACKGROUND**

Most of Plaintiff's current complaint is barely comprehensible. As far as the Court can tell, he is attempting to sue his landlord, (Defendant "Cedars 94/The Goodman Group"), to resolve some commonplace landlord/tenant disputes. The complaint includes several vague allegations about noisy neighbors, failure to provide "a high speed internet connection," "harassment," and nonconsensual entries into the leased premises.

Plaintiff is also attempting to bring unrelated claims against Defendants "The Pre-Petition Screening Program" and Rosemary A. Munns. These two Defendants

appear to be health care providers who have treated Plaintiff for mental health issues.[1] Plaintiff claims that these Defendants "sabotage[d]" his business, by refusing to believe certain incidents of "abuse," "harassment," "threats" and "slander" that Plaintiff has described to them (apparently during treatment sessions). (See Complaint, p. 7, ¶ 8.)

Plaintiff's complaint does not identify any legal basis for his current lawsuit against the named Defendants. Nor does the complaint describe the relief (if any) that Plaintiff is seeking in this case.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, Plaintiff has explicitly asserted that federal subject matter jurisdiction exists under the "diversity of citizenship" statute – 28 U.S.C. § 1332. (Complaint, p. 3, § 3.) Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, however, the complaint clearly states that Plaintiff and all

---

[1] Plaintiff's complaint includes several documents showing that he has been treated for mental health problems on multiple occasions. Other evidence of Plaintiff's mental health problems can be found in the record in Hesla v. Wilson, Civil No. 12-3092 (SRN/FLN).

Defendants are residents of Minnesota. (Complaint, pp. 1-3, §§ 1, 2, 5 and 6.) Thus, there is, in fact, no diversity of citizenship in this case, which means that subject matter jurisdiction cannot exist under § 1332.[2]

Furthermore, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. The complaint form that Plaintiff has used directed him to identify any federal question at issue in this case. (See Complaint, p. 3, § 4.) That section of Plaintiff's complaint has been left blank, which plainly indicates that Plaintiff's claims are not based on any federal law. Therefore, subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331.

### III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case under either the diversity of citizenship statute or the federal question statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be

---

[2] The Court also notes that nothing in Plaintiff's complaint suggests that he has suffered any damages that could exceed $75,000.00. Therefore, even if diversity of citizenship did exist, (which clearly is not the case), there still would be no federal subject matter jurisdiction under § 1332, because the $75,000.00 amount-in-controversy requirement is not satisfied.

**DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated:   February 11, 2013         _s/ Jeanne J. Graham_
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 1, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words.   The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.